UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELANIE BEST,

    Plaintiff,

v.                                              Case No:   2:17-cv-219-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

This cause comes before the Court on Plaintiff Melanie Best's Complaint (Doc. 1) filed on April 25, 2017. Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claims for a period of disability, disability insurance benefits, and supplemental security income. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.    **Social Security Act Eligibility, Procedural History, the ALJ's Decision, and Standard of Review**

    A.    **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve

months.  42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. §§ 404.1505; 416.905.[1]  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity that exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.  Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On September 19, 2013, Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income with an alleged onset date of August 23, 2011.  (*See* Tr. at 29, 222, 229).  The applications were denied initially on November 18, 2013 and upon reconsideration on January 30, 2014.  (Tr. at 142-43, 168-69).  A video hearing was held before Administrative Law Judge ("ALJ") Roxanne Fuller on October 5, 2015.  (Tr. at 75-98).  The ALJ issued an unfavorable decision on December 31, 2015.  (Tr. at 26-45).  The ALJ found that Plaintiff had not been disabled from August 23, 2011 through the date of the decision.  (Tr. at 41).

On March 1, 2017, the Appeals Council denied Plaintiff's request for review.  (Tr. at 1-6).  Plaintiff filed a Complaint in this Court on April 25, 2017.  (Doc. 1).  Defendant filed an Answer on July 24, 2017.  (Doc. 18).  The parties filed a Joint Memorandum setting forth their positions and arguments on the issues.  (Doc. 28).  The parties consented to proceed before a United States Magistrate Judge for all proceedings.  (*See* Doc. 23).  This case is ripe for review.

---

[1] The Court notes that the Social Security regulations were recently revised.  *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).  Unless otherwise specified, the Court refers to the regulations in effect at the time of the Administrative Law Judge's decision.

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[2] An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the residual functional capacity ("RFC") to perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

As an initial matter, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2014. (Tr. at 32). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 31, 2011, the alleged onset date. (*Id.*). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "degenerative disc disease and depression." (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart. P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)). (*Id.*).

---

[2] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

Based on the evidence, the ALJ determined that Plaintiff has the RFC to perform "light work" except:

> occasional climb ramps or stairs; never climb ladders, ropes, or scaffolds; occasional balance, stoop, crouch, kneel, crawl; frequent reaching and overhead reaching with the right dominant arm; frequent handling objects, that is gross manipulation, with the right dominant hand; frequent fingering, that is fine manipulation, with the right dominant hand; occasional exposure to moving mechanical parts; occasional operating a motor vehicle; occasional exposure to unprotected heights; able to perform simple, repetitive, routine tasks.

(Tr. at 34).

At step four, the ALJ determined that Plaintiff could not perform any past relevant work. (Tr. at 39). Specifically, using the testimony of the vocational expert ("VE"), the ALJ found that Plaintiff is unable to perform the duties of her past relevant work as a real estate clerk, floor covering estimator, or office manager. (*Id.*).

At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. at 40). Specifically, the ALJ asked the VE whether jobs exist in the national economy for an individual with Plaintiff's age, education, work experience, and RFC. (*Id.*). The VE testified that someone with Plaintiff's age, education, work experience, and RFC would be able to perform the requirements of representative occupations such as:

> 1. Housekeeper, DOT Code # 323.684-014, which is light, unskilled work with a SVP of 2
>     a. There are 900,000 of these jobs in the national economy
>
> 2. Assembler, DOT Code # 729.687-010, which is light, unskilled work with a SVP of 2
>     a. There are 25,000 of these jobs in the national economy
>
> 3. Office helper, DOT Code # 239.567-010, which is light, unskilled work with a SVP of 2
>     a. There are 112,000 of these jobs in the national economy

4

(*Id.*).³  Additionally, the VE testified that Plaintiff could perform the following jobs at the sedentary level, although the ALJ did not find Plaintiff so limited:

> 1. Final assembler, DOT Code # 713.687-018, which is sedentary, unskilled work with a SVP of 2
>    a. There are 2,000 of these jobs in the national economy
>
> 2. Addresser, DOT Code # 209.587-010, which is sedentary, unskilled work with a SVP of 2
>    a. There are 7,000 of these jobs in the national economy.

(Tr. at 40-41).

Based on the VE's testimony, the ALJ found that Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (*Id.*). As a result, the ALJ determined that a finding of "not disabled" was appropriate. (*Id.*). Accordingly, the ALJ concluded that Plaintiff was not disabled from August 23, 2011 through the date of the decision. (*Id.*).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.

---

³ "DOT" is an acronym for the *Dictionary of Occupational Titles*. "SVP" is an acronym for Specific Vocational Preparation.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

Plaintiff raises four issues on appeal:

1. Whether substantial evidence supports the ALJ's failure to limit reaching, handling, and fingering with the dominant upper extremity to occasional;

2. Whether substantial evidence supported the ALJ's finding that a significant number of jobs exist that Plaintiff could perform;

3. Whether substantial evidence supports the ALJ's conclusion that the job titles provided by the VE include a significant number of jobs that can be performed by someone limited to simple, repetitive, routine tasks; and

4. Whether the ALJ erred in failing to find cognitive disorder a severe impairment.

(Doc. 28 at 13, 20, 28, 32). The Court addresses each issue in turn below.

### A. Whether the ALJ erred by not limiting reaching, handling, and fingering with the dominant upper extremity to occasional

First, the Court addresses whether the ALJ erred by not limiting reaching, handling, and fingering with the dominant upper extremity to occasional. (*See* Doc. 28 at 13). On this issue,

Plaintiff argues that the ALJ should have credited the medical opinion of her treating physician, Dr. Lian Jen. (*Id.*). Specifically, Plaintiff argues that the ALJ erred by not crediting Dr. Jen's opinion that "Plaintiff was not capable of performing fine/gross manipulations on a sustained basis," (*id.* (citing Tr. at 257)), and that Plaintiff "could for less than one-third of the workday reach in all directions, handle, finger, or feel bilaterally," (*id.* (citing Tr. at354)). Plaintiff argues that the ALJ did not have good cause for rejecting her opinion, including specifically her opinion that Plaintiff could only occasionally reach, handle, and finger. (*Id.* at 16).

In evaluating this issue, the Court notes that the Social Security regulations define medical opinions as statements from physicians, psychologists, or other acceptable medical sources that reflect judgments about the nature and severity of impairments, including symptoms, diagnosis and prognosis, what a claimant can still do despite impairments, and physical or mental restrictions. 20 C.F.R. § 404.1527(a)(2). When evaluating a medical opinion, the ALJ considers various factors, including: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's opinion is with the record as a whole; and (5) the doctor's specialization. *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)).

An ALJ is required to consider every medical opinion. *Bennett v. Astrue*, No. 308-cv-646-J-JRK, 2009 WL 2868924, at *2 (M.D. Fla. Sept. 2, 2009) (citing 20 C.F.R. §§ 404.1527(d), 416.927(d)). Additionally, the Eleventh Circuit has stated that an ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Otherwise, the Court has no way to determine whether substantial evidence supports the ALJ's decision, and the Court will not

affirm simply because some rationale might have supported the ALJ's conclusion. *See id.* Nonetheless, an incorrect application of the regulations will result in harmless error if a correct application of the regulations would not contradict the ALJ's ultimate findings. *Denomme*, 518 F. App'x at 877-78 (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).

The Eleventh Circuit has further held that the opinion of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. *Phillips*, 357 F.3d at 1240-41 (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). Good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.* Moreover, an "ALJ may reject any medical opinion if the evidence supports a contrary finding." *Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F. App'x 520, 526 (11th Cir. 2015) (quoting *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987)).

In this case, Plaintiff argues that the ALJ erred in reviewing the opinion of her treating physician, Dr. Jen. (Doc. 28 at 13). The Court, however, is not persuaded by Plaintiff's arguments. Instead, the Court finds that the ALJ followed the regulations by stating with particularity the weight given to Dr. Jen's medical opinions and the reasons therefor. *See Winschel*, 631 F.3d at 1179. Moreover, the Court finds that substantial evidence supports the ALJ's reasons for discounting Dr. Jen's medical opinions. (*See* Tr. at 38). As a result, the Court finds that the ALJ did not err by failing to include any additional limitations in Plaintiff's RFC based on Dr. Jen's opinions. (*See* Tr. at 34).

In making this finding, the Court notes that the ALJ specifically assigned "little weight" to Dr. Jen's opinions. (Tr. at 38). The ALJ assigned little weight to Dr. Jen's opinions because

they were inconsistent with her records. (*Id.*). In making this finding, the ALJ pointed to Dr. Jen's records showing that Plaintiff's "physical examinations revealed mild findings of tenderness and reduced range of motion in [Plaintiff's] back." (*Id.* (citing Tr. at 332-49, 353-63)). Additionally, the ALJ noted Dr. Jen's records revealed that "[s]traight leg raising was always negative, and [Plaintiff] had no difficulty ambulating." (*Id.* (citing Tr. at 332-49, 353-63)). Further, the ALJ noted Plaintiff "was treated conservatively with medication for her symptoms." (*Id.* (citing Tr. at 332-49, 353-63)). The ALJ found that "[t]his evidence is inconsistent with Dr. Jen's restrictive residual functional capacity." (*Id.*).

The Court finds that the ALJ's reason for discounting Dr. Jen's opinions is supported by substantial evidence of record. Indeed, after careful review of the medical evidence of record, substantial evidence of record supports the ALJ's conclusion that Dr. Jen's opinions are not supported by her own records. For instance, as noted by the ALJ, it appears that Dr. Jen's physical examinations revealed only mild findings of tenderness and reduced range of motion in Plaintiff's back. (*See, e.g.*, Tr. at 332). Additionally, as the ALJ noted, straight leg raising was always found to be negative. (*See, e.g.*, Tr. at 336-37). Likewise, as found by the ALJ, the record supports a finding that Plaintiff had no difficulty ambulating. (*See, e.g.*, Tr. at 338-39). Further, nothing in the record contradicts the ALJ's finding that Plaintiff "was treated conservatively with medication for her symptoms." (*See* Tr. at 332-49, 353-63). Accordingly, even if the Court could reach different conclusions with the same evidence, the ALJ's conclusion is nonetheless supported by substantial evidence of record. The ALJ did not err on this ground.

As a final matter, the Court notes that Plaintiff does not contest the ALJ's finding that Dr. Jen's opinions were inconsistent with her records. (Doc. 28 at 13-16). Instead, Plaintiff argues that the ALJ failed to state any reasons for rejecting her specific opinion that Plaintiff can only

9

occasionally reach, handle, and finger. (*Id.* at 16). Plaintiff's narrow focus does not address the ALJ's broader conclusion that all of Dr. Jen's opinions – not just the specific opinion regarding reaching, handling, and fingering – merited little weight. (*Id.*). Because the ALJ correctly found that all of Dr. Jen's opinions merited little weight, the ALJ necessarily found that Dr. Jen's specific conclusions encompassed by her opinions also merited little weight. The ALJ did not err on this ground.

In sum, the ALJ stated with particularity the weight given to Dr. Jen's medical opinions and the reasons therefor. *See Winschel*, 631 F.3d at 1179. Moreover, the ALJ's reasons for discounting Dr. Jen's opinions are supported by substantial evidence and provide good cause for discounting her opinion. *See Phillips*, 357 F.3d at 1240-41. The Court, therefore, affirms on this issue.

B. **Whether the ALJ erred at step five**

Plaintiff's second and third arguments concern whether the ALJ erred at step five of the sequential process. (*See* Doc. 28 at 20, 28). Specifically, Plaintiff asserts two separate but related issues at step five. (*See id.*). First, Plaintiff argues that substantial evidence does not support the ALJ's finding that a significant number of jobs exist that Plaintiff could perform. (*Id.* at 20). In this first argument, Plaintiff takes issue with the ALJ's reliance on the VE's testimony. (*See id.*). Second, Plaintiff argues that substantial evidence does not support the ALJ's conclusion that the job titles provided by the VE include a significant number of jobs that can be performed by someone limited to simple, repetitive, and routine tasks. (*Id.* at 28).

In evaluating the issues at step five, the Court notes that, at step five, after a claimant proves that she cannot return to her past relevant work at step four, the burden shifts to the Commissioner to show that the claimant can perform other jobs that exist in significant numbers

occasionally reach, handle, and finger. (*Id.* at 16). Plaintiff's narrow focus does not address the ALJ's broader conclusion that all of Dr. Jen's opinions – not just the specific opinion regarding reaching, handling, and fingering – merited little weight. (*Id.*). Because the ALJ correctly found that all of Dr. Jen's opinions merited little weight, the ALJ necessarily found that Dr. Jen's specific conclusions encompassed by her opinions also merited little weight. The ALJ did not err on this ground.

In sum, the ALJ stated with particularity the weight given to Dr. Jen's medical opinions and the reasons therefor. *See Winschel*, 631 F.3d at 1179. Moreover, the ALJ's reasons for discounting Dr. Jen's opinions are supported by substantial evidence and provide good cause for discounting her opinion. *See Phillips*, 357 F.3d at 1240-41. The Court, therefore, affirms on this issue.

B. **Whether the ALJ erred at step five**

Plaintiff's second and third arguments concern whether the ALJ erred at step five of the sequential process. (*See* Doc. 28 at 20, 28). Specifically, Plaintiff asserts two separate but related issues at step five. (*See id.*). First, Plaintiff argues that substantial evidence does not support the ALJ's finding that a significant number of jobs exist that Plaintiff could perform. (*Id.* at 20). In this first argument, Plaintiff takes issue with the ALJ's reliance on the VE's testimony. (*See id.*). Second, Plaintiff argues that substantial evidence does not support the ALJ's conclusion that the job titles provided by the VE include a significant number of jobs that can be performed by someone limited to simple, repetitive, and routine tasks. (*Id.* at 28).

In evaluating the issues at step five, the Court notes that, at step five, after a claimant proves that she cannot return to her past relevant work at step four, the burden shifts to the Commissioner to show that the claimant can perform other jobs that exist in significant numbers

in the national economy, considering age, education, and work experience. *Brooks v. Barnhart*, 133 F. App'x 669, 670 (11th Cir. 2005) (citing *Gibson v. Heckler*, 762 F.2d 1516, 1518-19 (11th Cir. 1985)). At step five, it is the ALJ's burden to provide evidence about the existence of other work in the national economy that a claimant can perform. *Id.* (citing *Reeves v. Heckler*, 734 F.2d 519, 525 (11th Cir. 1984); 20 C.F.R. § 404.1512(g)).

The ALJ may satisfy this burden through a VE's testimony. *Id.* (citing *Phillips*, 357 F.3d at 1240; 20 C.F.R. § 404.1566(e)). For the VE's testimony to constitute substantial evidence, however, the ALJ must pose a hypothetical question that comprises all of the claimant's impairments. *Phillips*, 357 F.3d at 1240 n.7. Additionally, the ALJ must articulate specific jobs that exist in the national economy that the claimant can perform. *Brooks*, 133 F. App'x at 670 (citing *Allen v. Sullivan*, 880 F.2d 1200, 1202 (11th Cir. 1989)). The claimant must show that she cannot perform those jobs in order to prove that she is disabled. *Jones v. Apfel,* 190 F.3d 1224, 1228 (11th Cir. 1999). "Work exists in the national economy when it exists in significant numbers either in the region where the claimant lives or in several other regions of the country." *Brooks*, 133 F. App'x at 670 (citing 20 C.F.R. § 404.1566(a)). "The ALJ, relying on the VE's testimony, and not the VE, determines whether a specific number of jobs constitutes a significant number." *Id.* (citing 20 C.F.R. § 404.1512(g)).

With this in mind, the Court finds that the ALJ did not err in this case at step five. In reaching this conclusion, the Court finds that Plaintiff failed to show either (1) that she cannot perform any of the jobs listed by the ALJ or (2) that the ALJ's finding that jobs exist in significant numbers in the national economy is not supported by substantial evidence of record. As a result, Plaintiff has not proved that she disabled. *See Brooks*, 133 F. App'x at 670-71; *Jones*, 190 F.3d at 1228.

On the first of these points, the Court notes that – despite contesting the ALJ's findings at step five on multiple grounds – Plaintiff did not contest the ALJ's finding that she can perform work as a final assembler. (Doc. 28 at 29-30). As to this job, Plaintiff only contends that there are not a significant number of jobs as a final assembler in the national economy. (*Id.* at 30). Because Plaintiff does not contest the ALJ's finding that she can perform work as a final assembler, Plaintiff has not shown that she cannot perform this job. *See Jones*, 190 F.3d at 1228.

Because Plaintiff can perform a job listed by the ALJ at step five, the only remaining issue for the Court to discuss – notwithstanding Plaintiff's other objections – is whether the ALJ's finding that a significant number of final assembler jobs exist in the national economy is supported by substantial evidence. (*See* Tr. at 40-41). On this point, the ALJ's findings – (1) that 2,000 final assembler jobs exist in the national economy and (2) that this number is significant – are both supported by substantial evidence of record. *See Brooks*, 133 F. App'x at 670.

Here, the ALJ found that 2,000 final assembler jobs exist in the national economy. (Tr. at 40). In making this finding, the ALJ relied on the VE's testimony. (Tr. 40-41; *see also* Tr. at 93). Plaintiff takes issue with the VE's testimony in how the VE arrived at the specific number of final assembler jobs that exist in the national economy. (Doc. 28 at 23-25). Specifically, Plaintiff argues that the VE "acknowledged that the software program she used to obtain job numbers at the OES level, Job Browser Pro, would have provided a lower number if she had used it to determine at the DOT-title level the number of final assembler jobs in the national economy." (*Id.* at 30). As a result, Plaintiff argues that there are an insufficient number of final assembler jobs in the national economy. (*Id.*).

On this point, however, the Court notes that the VE used the SkillTRAN program plus her own personal experience to estimate the number of jobs in the national economy. (*See* Tr. at 94). Plaintiff cited no authority suggesting that the use of the SkillTRAN program in determining the number of jobs that exist is improper. (*See* Doc. 28 at 21-25). Furthermore, the Eleventh Circuit has previously noted that "[t]he Commissioner may rely on a VE to 'offer relevant evidence within his or her expertise or knowledge . . . ." *Leonard v. Comm'r of Soc. Sec.*, 409 F. App'x 298, 301 (11th Cir. 2011). As a result, the Court has no basis on which to conclude that the VE erred in estimating the number of jobs that exist. The Court, therefore, finds that that ALJ did not err on relying on the VE to determine that 2,000 final assembler jobs exist in the national economy.

Furthermore, the Court finds that 2,000 final assembler jobs are a significant number of jobs in the national economy. *See Brooks*, 133 F. App'x at 671. In reaching this conclusion, the Court finds highly persuasive the Eleventh Circuit's unpublished decision in *Brooks v. Barnhart*, 133 F. App'x at 670. In *Brooks*, the Eleventh Circuit affirmed the Commissioner's decision when the ALJ, relying on the VE's testimony, found that 840 polisher, document preparer, and bonder jobs constituted a significant number in the national economy that the claimant could perform. *Id.* The court found that the ALJ's decision was supported by substantial evidence because the ALJ, relying on the VE's testimony, found that the claimant could perform specific jobs that existed in significant numbers in the national economy. *Id.* The court noted the VE's determination is not binding. *Id.* Indeed, the court stated that it is the ALJ who determines whether 840 jobs constitutes a significant number. *Id.* As a result, even though the ALJ's finding was contrary to the VE's opinion, because the ALJ relied on the VE's testimony, the ALJ properly found that the claimant was not disabled. *Id.*

Similar to *Brooks*, the ALJ – relying on the VE's testimony – found that 2,000 jobs as a final assembler independently constitutes a significant number of jobs in the national economy that Plaintiff can perform. (*See* Tr. at 40-41).[4] Much like *Brooks*, the Court finds that the ALJ's decision is supported by substantial evidence. *See* 133 F. App'x at 671. Indeed, like *Brooks*, the ALJ's decision is supported by substantial evidence because the ALJ, relying on the VE's testimony, found that Plaintiff can perform specific jobs that exist in significant numbers in the national economy. *See id.* Moreover, unlike *Brooks*, the ALJ's decision here is consistent with the VE's testimony and, thus, is on even stronger ground. *Id.* Additionally, the Court notes that the number of jobs that exist here is greater than the number found sufficient in *Brooks*. *See id*. Accordingly, the Court finds that 2,000 final assembler jobs are a significant number of jobs that exist in the national economy that Plaintiff can perform. *See id.* The ALJ, therefore, did not err on this ground.

As a final matter, Plaintiff argues that the ALJ failed to make a finding pursuant to SSR 00-4p regarding whether or not the VE's testimony was consistent with the *Dictionary of Occupational Titles*. (Doc. 28 at 25). On this issue, it is true that "[w]hen an apparent conflict between the VE's testimony and the DOT arises, . . . the ALJ 'must elicit a reasonable explanation for the conflict before relying on the VE['s testimony]." *Leonard*, 409 F. App'x at 301 (quoting SSR 00-4p). Here, however, Plaintiff has not actually pointed to any inconsistency between the VE's testimony and the DOT. Moreover, at the hearing, when asked if her testimony was consistent with the DOT, the VE responded in the affirmative, stating "[t]here are no inconsistencies with the DOT in terms of the issues that are addressed in the DOT. However

---

[4] As discussed above in summarizing the ALJ's decision, the ALJ also found that Plaintiff could perform four other jobs – housekeeper, assembler, officer helper, and addresser – each of which exist in significant numbers in the national economy. (Tr. at 40-41).

other issues that are not specifically addressed in the DOT, I have based my testimony on my education and experience as outlined in my resume." (Tr. at 94). Without any inconsistencies, the Court cannot find error on this ground.

In sum, substantial evidence supports the ALJ's decision at step five that there are a significant number of jobs that exist in the national economy that Plaintiff can perform. The Court, therefore, affirms on this issue.

### C. Whether the ALJ erred at step two

Plaintiff's final argument is that the ALJ erred in failing to find her cognitive disorder a severe impairment. (Doc. 28 at 32).

In evaluating this issue, the Court notes that, at step two, "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). A severe impairment must bring about at least more than a minimal reduction in a claimant's ability to work and must last continuously for at least twelve months. *See* 20 C.F.R. §§ 404.1505(a). This inquiry "acts as a filter" so that insubstantial impairments will not be given much weight. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). While the standard for severity is low, the severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

In the Eleventh Circuit, however, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). Instead, the ALJ is only required to consider a

15

claimant's impairments in combination, whether severe or not. *Id.* If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison*, 814 F.2d at 588). "[B]eyond the second step, the ALJ must consider the entirety of the claimant's limitations, regardless of whether they are individually disabling." *Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 841-42 (11th Cir. 2014) (internal citations omitted).

Here, the ALJ found two impairments to be severe at step two: degenerative disc disease and depression. (Tr. at 32). Because the ALJ found at least one condition to be severe, the ALJ satisfied the step two analysis. *See Griffin*, 560 F. App'x at 841-42.

Moreover, so long as the ALJ considered Plaintiff's severe impairments in combination with Plaintiff's non-severe impairments, any potential error is harmless. *See id.* Here, the ALJ stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p." (Tr. at 34). Moreover, a review of the record shows that the ALJ specifically considered Plaintiff's mental and cognitive impairments at step three and in determining the RFC. (Tr. at 34-39). Based on the ALJ's statement and her review of the medical record in her decision, the Court finds no error because the ALJ considered all of Plaintiff's impairments, whether severe or non-severe in combination. *See Griffin*, 560 F. App'x at 841-42. Therefore, any potential error by the ALJ is harmless. *See id.*

In sum, the record demonstrates that the ALJ properly considered Plaintiff's severe and non-severe impairments at step two. Moreover, even if the ALJ erred in failing to find Plaintiff's cognitive impairments severe at step two of the sequential evaluation, the error was harmless

because the ALJ considered all of Plaintiff's impairments, whether severe or non-severe in determining Plaintiff's RFC. The Court, therefore, affirms on this issue.

### III.    Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence and decided upon proper legal standards.

Accordingly, the Court hereby **ORDERS** that:

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on July 25, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties